**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| LEVERNE AND LAURA SPIKES, | * | CIVIL ACTION NO: |
| Plaintiffs, | * | |
| v. | * | JUDGE: |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| Defendant. | * | MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>NOTICE OF REMOVAL</u>**

**NOW COMES**, through undersigned counsel, Defendant, State Farm Fire and Casualty Company ("State Farm"), who, pursuant to 28 U.S.C. §§ 1333, 1441 and 1446, removes this matter from the 22nd Judicial District Court Parish of Washington, State of Louisiana, to the docket of this Honorable Court.

**I.      INTRODUCTION**

1.      This is an insurance coverage and bad faith case. On July 18, 2023, Plaintiffs filed their Petition for Damages in Cause No. C-118346 in the 22nd Judicial District Court Parish of Washington, a copy of which is attached hereto as *Exhibit C*. The suit arises from a claim for property damage and for arbitrary and capricious, bad-faith related extra-contractual damages made by Plaintiffs under their State Farm policy number 18B4A7778 ("the Policy"), which is incorporated by reference into Plaintiffs' Petition and a certified copy of which is attached hereto as *Exhibit D*.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant, State Farm.

3. Plaintiffs allege multiple causes of action against State Farm related to State Farm's handling of an insurance claim submitted by Plaintiffs following Hurricane Ida. Generally, Plaintiffs allege that their property sustained wind-related damage during Hurricane Ida. *See Exhibit C* ¶ 8. Plaintiffs allege that, following the storm, State Farm inspected the Property but thereafter failed adequately compensate Plaintiffs for losses covered under the Policy. *Exhibit C* ¶ 10. Plaintiffs allege that an expert adjuster retained by Plaintiffs subsequently inspected the Property and estimated the value of damage to the Property to be $88,731.11. *Exhibit C* ¶ 12. Plaintiffs allege that State Farm failed to pay the alleged loss amount to Plaintiffs and thereby breached its contract of insurance with Plaintiffs. *Exhibit C* ¶¶ 21-29. Plaintiffs further allege that the actions and/or inactions of State Farm in failing to timely and adequately compensate [Plaintiffs] for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973—making State Farm liable for statutory bad faith penalties. *Exhibit C* ¶¶ 30-39.

4. Defendant did not file an Original Answer or other responsive pleadings in state court prior to removal. Defendant did file a motion for extension of time to file responsive pleadings in state court prior to removal.

5. Defendant now files this Notice of Removal based on the grounds asserted herein.

## II.     GROUNDS FOR REMOVAL

6.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A)     Complete Diversity Exists Between the Parties

7.     Plaintiffs are domiciled in the State of Louisiana and, thus, citizens of Louisiana. *See Exhibit C*, ¶ 1.

8.     State Farm was incorporated in and has its principal place of business located in the State of Illinois. Therefore, State Farm was, at the time this action was commenced, and still is, a citizen of Illinois, pursuant to 28 U.S.C. § 1332(c)(1).

### B)     The Amount in Controversy Exceeds $75,000.00

9.     Additionally, the claims asserted by Plaintiffs exceed $75,000.00. Plaintiffs seeks monetary damages under the Policy's coverages for dwelling, other structures, personal property and loss of use, as well as statutory penalties and attorney's fees. *Exhibit C* at ¶ 41.

10.     The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882–83 (5th Cir. 2000). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Id*.

11.     To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if

{S0482960.1}

contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014); *see also Yor-Wic Constr. Co., Inc. v. Eng'g Design Techs., Inc.*, 2017 WL 3447808, at *2 (W.D. La. Apr. 19, 2017), report and recommendation adopted, No. CV 17-0224, 2017 WL 3431845 (W.D. La. Aug. 9, 2017).

12. In this case, Plaintiffs allege that State Farm is contractually liable to Plaintiffs for **$88,731.11,** for damages to their property caused by Hurricane Ida. *Exhibit C* ¶¶ 12.

13. Further, if Plaintiffs can meet their burden of proving that State Farm arbitrarily failed to timely pay the amounts owed to Plaintiffs, then State Farm may be liable for 50% damages on the amount found to be due to the Plaintiffs, i.e. $44,365.56 ($88,731.11 x 0.5 = $44,365.56). *See* La. R.S. 22:1892(B)(1). In addition, Plaintiffs seeks mental anguish damages, attorney's fees, other professional fees, and litigation costs, *Exhibit C*, ¶ 41.

14. Thus, the combination of the amounts claimed by Plaintiffs pursuant to their State Farm policy with the amount of penalties, attorney's fees, and other alleged damages sought by Plaintiffs exceeds $75,000.00.

**C)   Plaintiffs did not file a binding stipulation limiting recovery with the Petition.**

15. To determine whether jurisdiction is present for removal, the federal courts consider the claims made in the state court petition as they existed at the time of removal. *See Manguno v. Prudential Property & Casualty Inc. Co.*, 276 F.3d 720 (5th Cir. 2002).

16. The United States Supreme Court has held that, with respect to the amount in controversy, a plaintiff must make all information known at the time he files the complaint. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938). Further, the Fifth Circuit has held that when a state law prohibits a plaintiff from

{S0482960.1}

including an *ad damnum* clause, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (*quoting In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 US 283, 58 S. Ct. 586 (1938)). The state court stipulation from the plaintiff must include the renunciation of the right to enforce a judgment in an amount greater than $75,000. *See Davis v. State Farm Fire and Casualty, et. al.,* 2006 WL 1581272, *2 (E.D. La. 2006).

17. No such binding stipulation and renunciation has been made in this case.

18. While State Farm admits neither liability nor any element of damages, under the rules of *De Aguilar, Allen* and *Davis,* State Farm has met its burden of showing that that the amount in controversy is likely in excess of $75,000.

## III. VENUE

19. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 22nd Judicial District Court Parish of Washington, State of Louisiana.

## IV. PROCEDURAL REQUIREMENTS

20. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Certified Copy of State Court Record (to be supplemented upon receipt) |
| B. | State Farm's Certificate of Compliance |
| C. | Plaintiffs' Petition for Damages |
| D. | Certified Copy of State Farm Policy Number 18B4A7778 |

21. This Notice of Removal is being filed within thirty (30) days of August 9, 2023, the date on which State Farm's registered agent for service of process—the Louisiana Secretary of

{S0482960.1}

State—was served with Plaintiffs' Petition. *See Exhibit C*. This notice of removal is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and State Farm with regard to the legal issues herein and this controversy and the amount thereof is within the jurisdiction of this Court.

22. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action will be supplemented to this Notice as *Exhibit A*.

23. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. *Exhibit B*.

24. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the Clerk of Court for the 22nd Judicial District Court Parish of Washington, State of Louisiana, promptly after filing of same. *Exhibit B*.

25. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served join and consent to the removal of this action. State Farm is the sole defendant named in Plaintiffs' Petition.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be accepted onto this Court's docket.

Respectfully submitted,

*/s/ Jacques P. Landrieu*
DAVID A. STRAUSS, #24665
JACQUES P. LANDIREU, #37759
STRAUSS MASSEY DINNEEN LLC
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone: (504) 380-0290
Facsimile: (504) 332-8434
dstrauss@smd-law.com
jlandrieu@smd-law.com

*Attorneys for State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ Jacques P. Landrieu*
JACQUES P. LANDRIEU